THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| | ) No. 17 CR 783-1 |
| v. | ) |
| | ) Chief Judge Virginia M. Kendall |
| | ) |
| JOSE MENDOZA, | ) |
| | ) |
| *Defendant.* | ) |

**OPINION AND ORDER**

In June 2023, the Court sentenced Jose Mendoza to 120 months in prison for a drug trafficking and firearm offense. (Dkt. 245). Mendoza now moves for compassionate release under 18 U.S.C. § 3582(c)(1). (Dkt. 301). For the reasons outlined below, the Court denies Mendoza's Motion [301].

**BACKGROUND**

On December 21, 2017, Mendoza was charged in a three-count indictment with: (1) conspiring to possess with intent to distribute cocaine (2) attempting to possess with intent to distribute cocaine, and (3) using and carrying a firearm during and in relation to a drug trafficking crime. (Dkt. 303 at 3). On September 29, 2022, Mendoza pleaded guilty to Count One and Count Three. (*Id.*) Mendoza admitted to bringing a loaded .380 caliber pistol to a narcotics transaction where he brokered the sale of two kilograms of cocaine. (*Id.*)

At sentencing, after considering the Section 3553(a) factors, the Court sentenced Mendoza to 120 months imprisonment—the statutory minimum—and four years' supervised release based on Mendoza's mitigating circumstances including age, lack of criminal history, health problems,

1

and drug and alcohol addictions. (Dkt. 303 at 3). Mendoza is now serving his sentence; his expected release date is July 19, 2026. (*Id.*)

Mendoza previously sought relief under Amendment 821 to the United States Sentencing Guidelines. (*Id.* at 4). This request was denied because Amendment 821 does not provide for a reduction of sentence. (*Id.*) Mendoza then requested that the Bureau of Prisons (BOP) recommend a sentence reduction and grant him compassionate release under U.S.C. 18 § 3582(c)(1)(A)(i), as amended by the First Step Act. (Dkt. 301 at 4). On February 3, 2025, the Warden denied Mendoza's request because Mendoza did not provide adequate support to establish either that he had a debilitating medical condition or that his wife was incapacitated. (*Id.* at 7); (Dkt. 301-2 at 11, Exhibit B).

On February 26, 2025, Mendoza filed the present compassionate release motion. (Dkt. 301 at 1). Mendoza makes three arguments in attempt to establish an extraordinary and compelling reason, which warrants the Court to reduce his sentence. First, Mendoza argues his inability to manage his diabetes, high blood pressure, high cholesterol, back pain, arthritis, and sleep apnea while incarcerated constitutes a debilitated medical condition. (Dkt 301 at 2). Second, he argues that he is the only primary caregiver for his infirm spouse, Maria Elena Mendoza. (*Id.* at 4). Finally, Mendoza argues that he is the only caregiver to his stepson, Luiz Alonzo Carrera, who suffers from diabetes, high cholesterol, and schizophrenia personality disorder. (*Id.* at 9).

## LEGAL STANDARD

Generally, a federal court "may not modify a term of imprisonment once it has been imposed," 18 U.S.C. § 3582(c); but the law gives the court power to order a prisoner's early release if "extraordinary and compelling reasons" warrant a sentence reduction. 18 U.S.C. § 3582(c)(1)(A)(i). To obtain compassionate release, a defendant must first exhaust all

administrative remedies with the BOP. Exhaustion is a mandatory claim-processing rule that federal courts must enforce if invoked. *United States v. Sanford*, 986 F.3d 779, 782 (7th Cir. 2021).

Once a defendant has exhausted the available remedies, he must then satisfy the Seventh Circuit's two-step test. *See United States v. Peoples*, 41 F.4th 837, 840 (7th Cir. 2022); *United States v. Sarno*, 37 F.4th 1249, 1252–53 (7th Cir. 2022). At step one, a defendant must identify "an 'extraordinary and compelling' reason warranting a sentence reduction." *Peoples*, 41 F.4th at 840 (quoting *United States v. Thacker*, 4 F.4th 569, 576 (7th Cir. 2021)). If the defendant identifies such a reason, the court proceeds to the second step and "exercis[es] the discretion conferred by the compassionate release statute, to consider any applicable sentencing factors in § 3553(a) as part of determining what sentencing reduction to award the prisoner." *Id.* (alteration in original) (quoting *Thacker*, 4 F.4th at 576).

## DISCUSSION

Because the parties agree that Mendoza exhausted the available remedies under 18 U.S.C. § 3582(c)(1)(A), (Dkt. 303 at 7), the Court must apply the two-step test to determine whether to grant the Motion. *United States v. Peoples*, 41 F.4th 837 (7th Cir. 2022); *Sarno*, 37 F.4th, 1252–53.

### I. Step 1: "Extraordinary and Compelling" Reason for Sentence Reduction

Mendoza seeks compassionate release under § 3582(c)(1)(A) on three bases: (1) Mendoza's inability to manage his diabetes, high blood pressure, high cholesterol, back pain, arthritis, and sleep apnea which he claims to be a debilitating medical condition, (2) Mendoza alleges he is the only primary caregiver to his infirm wife, and (3) Mendoza alleges he is the only

3

primary caregiver to his adult incapacitated stepson. (Dkt. 301 at 2). Because none of the above reasons meet the standard of extraordinary and compelling, the Court denies Mendoza's Motion.

1. **Mendoza's Medical Needs**

Mendoza's claim that his diabetes, high blood pressure, high cholesterol, arthritis, sleep apnea, and back pain rise to the level of extraordinary and compelling is unsupported by his individualized needs plan and medical records. (Dkt 301-1, Exhibit A; Dkt. 301-3, Exhibit C). Mendoza's medical records show he was admitted to the hospital and diagnosed with intestinal bleeding and melena in May 2020. (Dkt. 301-3). Mendoza provides no additional documentation to support his claims that his diabetes, high blood pressure, high cholesterol, arthritis, sleep apnea, and back pain constitute a debilitating medical condition or his claim that he was found unconscious in his cell on February 8, 2025.

Even if Mendoza did provide medical records to support his alleged medical conditions, the record shows BOP facility staff are addressing this condition through evaluations and by prescribing various medications. For example, Mendoza's medical records show that BOP medical services prescribed duloxetine for Mendoza's back pain, insulin and metformin for his diabetes, lisinopril for his hypertension, and atorvastatin for his hyperlipidemia. (Dkt. 305 at 54–57). This weighs against a finding that Mendoza's conditions constitute an extraordinary and compelling reason to grant compassionate release. *See United States v. Flores*, 2020 WL 7334272, at *3 (N.D. Ind. Dec. 14, 2020) (finding treatable medical conditions, including chronic pain, are not extraordinary and compelling); *United States v. Alexander*, 2024 WL 4434165, at *3 (S.D. Ill. Oct. 7, 2024) (same); *United States v. Gutierrez*, 2021 WL 248878, at *3 (N.D. Ind. Jan. 26, 2021)

(finding a defendant's medical condition of diabetes, high cholesterol, and high blood pressure did not establish an extraordinary and compelling reason despite the ongoing COVID-19 pandemic).

Based on these facts, Mendoza has not met his burden of establishing that extraordinary and compelling reasons exist that warrant a reduction in his sentence. *United States v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021). There is nothing on the record to indicate that "specialized medical care is not being provided" to Mendoza, such that his condition is unstable. Guideline § 1B1.13(b)(1). Further, Mendoza has not demonstrated his medical conditions "substantially diminish the ability of the defendant to provide self-care within the environment of a correctional facility." *Id*. Accordingly, Mendoza has not carried his burden to show that his medical conditions constitute an extraordinary and compelling reason to reduce his sentence.

2.  **Primary Caretaker of Wife and Stepson**

Mendoza next claims that because he is the primary caretaker for his infirm wife and incapacitated stepson, the Court should grant his Motion. (Dkt. 301 at 4). With respect to this claim, the Court considers (1) whether Mendoza's family members are truly incapacitated and (2) whether Mendoza is "the only available caregiver." U.S.S.G § 1B1.13(b)(3)(B); *see United States v. Villar*, 2024 WL 2939018, at *3 (N.D. Ill. June 11, 2024). Although the relevant policy statement, U.S.S.G § 1B1.13(b)(3)(B), does not define "incapacitated," the term's plain meaning is to be "made incapable of or unfit for normal functioning" suggesting that a person is unable to take care of themselves. Incapacitated, MERRIAM-WEBSTER, https://www.merriam-webster.com/dictionary/incapacitated (last visited Apr. 27, 2025); U.S.S.G § 1B1.13(b)(3)(B).

Here, Mendoza does not actually claim that his wife is incapacitated. (Dkt 301). Instead, he merely alleges—without providing any medical records or other documentation to support his claims—that his wife suffers from diabetes, high cholesterol, and high blood pressure. Even if

5

Mendoza claimed that his wife was incapacitated, he fails to provide any supporting documentation to support his assertion. (*See* Dkt. 301). Mendoza also fails to provide any support for the claim that he is the only available caretaker for his wife. Therefore, Mendoza has failed to establish that his wife is incapacitated within the meaning of the statute.

Likewise, Mendoza's claim regarding his stepson fails for the same reasons as above. Defendant fails to provide any documentation to establish his stepson's incapacitation and provides no support for his assertion that he is his stepson's only available caretaker. Accordingly, Mendoza has also failed to meet his burden to establish his stepson's incapacitation. The court finds Mendoza's family circumstances are not an extraordinary and compelling reason to justify Mendoza's release.

### 3. Mendoza's Rehabilitation

Mendoza's rehabilitation efforts also do not establish an extraordinary and compelling reason for compassionate release on their own. Although Mendoza's completing educational, parenting, and physical activity courses is commendable, it does not suffice to meet the standard of extraordinary and compelling. *United States v. Vaughn*, 62 F.4th 1071, 1072 (7th Cir. 2023). Because of the shortcomings of Mendoza's supporting documentation regarding each of the individual circumstances, the Court concludes all the circumstances do not constitute an extraordinary and compelling reason to support compassionate release.

### 4. Age

Finally, the § 1B1.13(b)(2) age requirement is 65 years old. Mendoza is 61 years old. Therefore, even if Mendoza could show he were "experiencing a serious deterioration in physical or mental health because of the aging process," he still does not meet the statutory age minimum. U.S.S.G § 1B1.13(b)(2).

## II. Step 2: § 3553(a) Factors

Even if Mendoza had carried his burden of establishing an extraordinary and compelling reason for sentence reduction, the Court would still deny Mendoza's Motion because the § 3553(a) factors weigh against compassionate release. *United States v. Kurzynowski*, 17 F.4th 756, 760 (7th Cir. 2021) ("[a] district court may grant a motion for compassionate release only when the § 3553(a) factors support it."); *United States v. Boyce*, No. 24-2350, 2024 WL 5102865, at *1 (7th Cir. Dec. 13, 2024). The most relevant factors are: (1) the nature and circumstances of the offense, and the history and characteristics of the defendant; (2) the need for the sentence imposed—to (A) reflect the seriousness of the crime; (B) to afford adequate deterrence; (C) to protect the public; and (D) to provide the defendant with needed educational or vocational training. 18 U.S.C.A. § 3553.

Mendoza's crime involved his participation in a narcotics sale while armed with a firearm. (Dkt. 303 at 2). In search of Mendoza's home, law enforcement recovered a total of eight firearms, four of which Mendoza arranged to sell to an undercover officer. (*Id.*) Though no violence ultimately occurred, the nature and circumstances of the offense were extremely serious. Recognizing this fact, along with mitigating factors including Mendoza's age, lack of criminal history, and health concerns, the Court initially sentenced him to a sentence of 120 months imprisonment, the minimum statutory sentence. (*Id.* at 3). An additional sentence reduction would undermine the seriousness of the crime, and the current sentence's value in providing just punishment, promoting respect for the law, deterring others from committing similar crimes, and protecting the public. The § 3553(a) factors, therefore, weigh against granting Mendoza's Motion. (Dkt. 301).

Mendoza filed a duplicate Motion for Compassionate Release [Dkt. 307] on April 2, 2025. Because this Motion is identical to the instant one, (Dkt. 301), Mendoza's duplicate Motion [307] is denied as moot.

## **CONCLUSION**

For the foregoing reasons, the Court denies Mendoza's Motion for Compassionate Release [301]. Mendoza's duplicate Motion [307] is also denied as moot.

_____
Virginia M. Kendall
United States District Judge

Date: May 7, 2025