**THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATE OF AMERICA, | ) | |
| | ) | |
| *Plaintiff*, | ) | No. 17 CR 783-1 |
| v. | ) | |
| | ) | Chief Judge Virginia M. Kendall |
| JOSE MENDOZA, | ) | |
| | ) | |
| *Defendant*. | ) | |

**OPINION AND ORDER**

Defendant Jose Mendoza moves *pro se* for reconsideration of the Court's May 7, 2025 Opinion and Order ("Order") denying his Motion for Compassionate Release. For the following reasons, Mendoza's Motion for Reconsideration [310] is denied.

**BACKGROUND**

The Court presumes the parties' familiarity with the facts of the case and only discusses those relevant to the current Motion. On September 29, 2022, Mendoza pleaded guilty to conspiring to possess with intent to distribute cocaine and using and carrying a firearm during and in relation to a drug trafficking crime. (Dkt. 303 at 3). Mendoza was sentenced to 120 months' imprisonment and four years of supervised release. (*Id.*). His expected release date is July 18, 2026. (*Id.*).

In February 2025, Mendoza moved for compassionate release under 18 U.S. § 3582(c)(1)(A)(i). (Dkt. 301 at 1). He argued that there were extraordinary and compelling reasons for his early release because (1) his inability to manage his diabetes, high blood pressure, high cholesterol, back pain, arthritis, and sleep apnea constituted debilitating medical conditions; (2) he is the primary caregiver for his sick wife; and (3) he is the only caregiver for his stepson who has physical and mental health conditions. (*Id.* at 2-9). On May 7, 2025, the Court denied Mendoza's

1

Motion for Compassionate release, holding that he did not present an extraordinary and compelling reason for a sentence reduction. (Dkt. 309 at 3-6). The Court considered all the arguments Mendoza presented and found that his medical conditions were not grounds for compassionate release because he was receiving treatment for them and they did not diminish his ability to provide care for himself in the correctional facility. (*Id.* at 4-5). The Court also concluded that Mendoza failed to establish that his wife or stepson were incapacitated or that he was their only available caretaker. (*Id.* at 5-6). Additionally, the Court found that neither Mendoza's rehabilitation efforts nor his age constituted extraordinary and compelling reasons for compassionate release. (*Id.* 3-4). Finally, the Court concluded that even if Mendoza had established an extraordinary and compelling reason for sentence reduction, the § 3553(a) factors weighed against compassionate release. (*Id.* at 7).

Mendoza now asks the Court to reconsider its decision. (Dkt. 310). Mendoza does not indicate whether he is bringing his Motion for Reconsideration under Federal Rule of Civil Procedure 59(e) or 60(b). (Dkt. 310). Rule 59(e) allows a party to move the Court to alter or amend a judgment within 28 days after the entry of that judgment. Fed. R. Civ. P. 59(b), (e). In comparison, under Rule 60(b), a party may ask the Court for relief from a final judgment, order, or proceeding for specific, enumerated reasons. Fed. R. Civ. P. 60(b). A Rule 60(b) motion is not subject to the same time constraint as a Rule 59(e) motion; it needs only to be brought "within a reasonable time." Fed. R. Civ. P. 60(c). Mendoza delivered his motion to prison staff for mailing on May 30, 2025, which is within the 28-day period for filing Rule 59(e) motions. (Dkt. 310 at 11). Additionally, he does not raise any of the issues contemplated by Rule 60(b). (Dkt. 310). Accordingly, the Court construes his Motion as a Motion for Reconsideration under Rule 59(e). *See Carter v. City of Alton*, 922 F.3d 824, 826 (7th Cir. 2019) (noting that the important question for categorizing a motion for reconsideration is the timing; if a motion was filed within 28 days of

judgment it should be construed as a Rule 59(e) motion); *Taylor v. Brown*, 787 F.3d 851, 859 (7th Cir. 2015) ("[A] pro se prisoner's legal documents are considered filed on the date that they're tendered to prison staff in accordance with reasonable prison policies. . .").

## **LEGAL STANDARD**

Motions to alter or amend a judgment under Rule 59(e) are routinely referred to as motions for reconsideration. "Altering or amending a judgment under Rule 59(e) is permissible when there is newly discovered evidence or there has been a manifest error of law or fact." *Emerson v. Dart*, 109 F.4th 936, 943 (7th Cir. 2024) (citing *Harrington v. City of Chicago*, 433 F.3d 542, 546 (7th Cir. 2006)). A manifest error is "not demonstrated by the disappointment of the losing party." *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000). Rather, a manifest error of law is the "wholesale disregard, misapplication, or failure to recognize controlling precedent." *Burritt v. Ditlefsen*, 807 F.3d 239, 253 (7th Cir. 2015). A Court may commit a manifest error of fact if it ignores, overlooks, or misapprehends the facts before it. *See, e.g., United States v. Bills*, 2018 WL 6697180, at *2 (N.D. Ill. Dec. 20, 2018).

Rule 59(e) provides a narrow and extraordinary remedy, with the moving party bearing a heavy burden. *Kap Holdings, LLC v. Mar-Cone Appliance Parts Co.*, 55 F.4th 517, 528 (7th Cir. 2022); *see also Vesey v. Envoy Air, Inc.*, 999 F.3d 456, 463 (7th Cir. 2021) ("Relief under Rule 59(e) is an extraordinary remed[y] reserved for the exceptional case.") (internal citation omitted). A motion for reconsideration is not a vehicle for rehashing lost arguments or advancing theories or evidence that should have come out before the Court entered final judgment. *See Barrington Music Prods., Inc. v. Music & Arts Ctr.*, 924 F.3d 966, 968 (7th Cir. 2019); *Vesely v. Armslist LLC*, 762 F.3d 661, 666 (7th Cir. 2014).

**DISCUSSION**

In his Motion for Reconsideration, Mendoza primarily restates arguments he made in his Motion for Compassionate Release and cites facts that the Court already considered when ruling on that Motion. He does not present any newly discovered evidence or establish a manifest error of law, so he does not meet the high burden under Rule 59(e). *See, e.g., Emerson*, 109 F.4th at 943 (affirming denial of a Rule 59 motion for reconsideration where plaintiff did not present newly discovered evidence or a manifest error of law or fact).

In arguing that the Court should reconsider its May 2025 Order, Mendoza cites to several facts that were not included in his Motion for Compassionate Release: the Bureau of Prisons ("BOP") cut its budget under the new presidential administration and consequently began instituting lockdowns; Mendoza experienced 66 days of lockdowns between January 18, 2025, and May 8, 2025; and Mendoza lost consciousness in his cell on January 9, 2025. (Dkt. 310 at 1-2). None of this "new" evidence offers a basis for reconsideration. Evidence of budget cuts and of Mendoza's January 2025 medical incident were available to Mendoza when he filed his Motion for Compassionate Release in February 2025, yet he chose not to include these facts. *See, e.g., Preston v. Am. Honda Motor Co.*, 2017 WL 11611882, at *2 (N.D. Ill. Dec. 29, 2017) ("Denial of a motion to reconsider is proper where the movant present[s] no competent evidence that was not previously available.") (internal citation omitted); *Walls v. Vre Chicago Eleven, LLC*, 2020 WL 887488, at *5 (N.D. Ill. Feb. 24, 2020) (recognizing that "parties may not rely on evidence that was available during the pendency of the underlying motion on a motion for reconsideration").

The information relating to prison lockdowns similarly does not constitute newly discovered evidence. In his Motion for Compassionate release, Mendoza described lockdowns that occurred in January and February 2025. (Dkt. 301 at 4). In the present Motion, Mendoza references

4

these lockdowns again, but also includes those that occurred in March, April, and May 2025. (Dkt. 310 at 2). While these subsequent lockdowns may be new evidence, they do not change the outcome. Mendoza cites the lockdowns as evidence that he cannot care for himself in prison. (Dkt. 310 at 1-2). The Court considered the same argument in its May 2025 Order and concluded that Mendoza failed to demonstrate that he could not provide self-care within the environment of a correctional facility. (Dkt. 309 at 5). That Mendoza experienced additional days of lockdowns does not change this analysis. Accordingly, Mendoza does not provide any newly discovered evidence that could constitute grounds for reconsideration of the Court's Order.

Mendoza also fails to establish a clear error of law or fact. In his Motion for Reconsideration, Mendoza claims that early release is warranted because of his diabetes, which is worsening due to lockdowns at the correctional facilities he has been incarcerated at. (Dkt. 310 at 2-3). Mendoza claims that the lockdowns deprived him of the "beneficial effect of sunlight" which has "increase[ed] all causes of mortality." (*Id.* at 3). As discussed above, Mendoza made these same assertions in his Motion for Compassionate Release, (Dkt. 301 at 2-4), which the Court considered in its May 2025 Order. (Dkt. 309 at 4-5). Thus, the Court did not overlook or ignore these facts the first time around, nor does Mendoza argue that the Court misapprehended them. As such, Mendoza fails to establish a manifest error of fact. *See, e.g., Pruitt v. Pers. Staffing Grp., LLC*, 2021 WL 197399, at *3 (N.D. Ill. Jan. 20, 2021) (denying motion to reconsider where Court considered all the evidence previously presented by plaintiffs, and plaintiffs did not argue that the Court misunderstood the evidence).

Similarly, Mendoza does not argue that the Court misapplied, disregarded, or failed to recognize any controlling precedent. In denying Mendoza's Motion for Compassionate Release, the Court held that he failed to show that his medical conditions constitute extraordinary and

compelling reasons to reduce his sentence. (Dkt. 309 at 5). In reaching this conclusion, the Court applied relevant statutes and case law to conclude that Mendoza did not demonstrate that specialized care was not provided or that his conditions diminished his ability to care for himself in a correctional facility environment. (*Id.*) (citing *United States v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021); Sentencing Guideline § 1B1.13(b)(1)). In his Motion for Reconsideration, Mendoza cites two cases as support for his argument that unduly harsh or extreme prison conditions warrant his early release. (Dkt. 310 at 3) (citing *United States v. Daoud*, (7th Cir. 2020); *United States v. Pressley*, 345 F.3d 1205 (11th Cir. 2003)). This is a new argument, and it is improper to raise new arguments and theories on a motion for reconsideration. *See Barrington*, 924 F.3d at 968 ("Rule 59(e) does not allow a party to advance arguments that could and should have been presented to the district court prior to judgment."). Mendoza could have made this argument in his Motion for Compassionate Release yet chose not to.

Moreover, these cases do not help Mendoza. In *Daoud* and *Pressley*, the courts considered defendants' appeals of their sentences and contemplated whether harsh conditions of pretrial confinement could justify a downward departure during sentencing. *Daoud*, 980 F.3d at 584, 595; *Pressley*, 345 F.3d at 1208, 1218-19. These decisions are not controlling here because Mendoza is asking for early release, not appealing his original sentence. They would not provide any support to Mendoza's arguments even if the procedural postures were the same. In the *Daoud* decision, the Court explicitly declined to decide whether harsh conditions of pretrial confinement could justify a downward departure during sentencing. 980 F.3d at 595. *Pressley* is an out-of-Circuit case that is not binding on this Court. 345 F.3d 1205.

Moreover, the Seventh Circuit has explicitly held that motions for compassionate release are not the proper vehicles to challenge prison conditions. *See United States v. Miller*, 2022 WL

6

2187555, at *1 (7th Cir. June 16, 2022) (holding that a compassionate release motion is "not the right vehicle" to challenge the conditions and medical care at a correctional facility); *United States v. Bridgewater*, 995 F.3d 591, 599 (7th Cir. 2021) (recognizing that a prisoner may directly challenge inadequate medical care or medically unsafe conditions of confinement through an Eighth Amendment action, not a compassionate release motion). Thus, even if it were appropriate for the Court to consider Mendoza's new legal theory at this stage, it is not supported by applicable precedent. Accordingly, Mendoza does not establish a manifest error of law in the Court's May 2025 Order.

## CONCLUSION

For the foregoing reasons, the Court denies Mendoza's Motion for Reconsideration [310].

_____
Virginia M. Kendall
United States District Judge

Date: March 24, 2026

7